IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 06-77 |
| | ) |
| TYRONE D. PRATT | ) |

MEMORANDUM AND ORDER OF COURT

Tyrone D. Pratt ("defendant") has been charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g)(1) and 924(e). Jury selection and trial currently are scheduled to commence on June 11, 2007. Presently before the court is defendant's motion for defense witness immunity (Document No. 54) and the government's response (Document No. 55). For the following reasons, defendant's motion will be denied.

The evidence at trial is expected to show that on July 30, 2005, defendant was stopped in a vehicle by Pittsburgh police officers at the intersection of Frankstown Road and North Lang Avenue. Defendant exited the vehicle and fled on foot through an open lot next to the 7101 Bar. Defendant was apprehended and searched. Officers recovered an empty inside-the-pants pistol holster from defendant's person. The firearm charged in the indictment was located in the open lot through which defendant was pursued.

AO 72
(Rev. 8/82)

Defendant intends to offer the testimony of Diane Carmack, who is expected to testify that on the date in question she was holding a weapon for a friend who was inside the 7101 Bar. The friend called her and told her he was ready to leave and asked her to meet him outside the bar to return the gun. When she arrived and observed police cars, she became frightened and threw the gun into the open lot. Carmack did not have a license to carry a firearm.

Defendant seeks immunity for Carmack to ensure that her self-incriminating testimony, by which she will admit, at a minimum, that she violated the Pennsylvania law prohibiting the carrying of a firearm without a license, cannot be used against her in any subsequent criminal proceeding. Defendant avers that a grant of immunity to procure the "unfettered" testimony of Carmack is essential to protect defendant's right to due process of law. The government opposes the motion.

In Government of the Virgin Islands v. Smith, 615 F.2d 964 (3d Cir.1980), the United States Court of Appeals for the Third Circuit "announced a rule of fundamental fairness requiring a trial court to immunize a potential defense witness 'when it is found that [she] can offer testimony which is clearly exculpatory and essential to the defense case and when the government has no strong interest in withholding use immunity.'" United States v. Sampson, 661 F.Supp. 514, 517 (W.D.Pa. 1987).

2

Smith held that as a matter of due process a court should grant use immunity to a defense witness who refuses to testify for fear of self-incrimination when the following five requirements are met:

> [I]mmunity must be properly sought in the district court; the defense witness must be available to testify; the proffered testimony must be clearly exculpatory; the testimony must be essential; and there must be no strong governmental interests which countervail against a grant of immunity.

Smith, 615 F.2d at 972.

The court emphasized, however, that use of this judicial power must be "clearly limited." Id. And although Smith remains binding law in this circuit, the Third Circuit Court of Appeals consistently has limited Smith to its unique facts and has recognized that its holding has been "flatly rejected" by other appellate courts. See United States v. Santtini, 963 F.2d 585, 598 n. 6 (3d Cir. 1992) ("It should be noted that Smith has subsequently been limited to its particular facts by this court.... Moreover, other courts of appeals to consider the possibility of a court's inherent authority to immunize a witness have flatly rejected the result reached in Smith." ).

Upon review, this court is convinced that the present case clearly is distinguishable from the unique facts presented in Smith as defendant does not satisfy all five criteria for use immunity recognized in that case. In particular, defendant has

3

AO 72
(Rev. 8/82)

failed to establish either that the defense witness otherwise would be unavailable to testify or that the proferred testimony is "clearly exculpatory."

First, there is no indication in defendant's motion that Carmack would be unavailable to testify absent a grant of immunity. Defendant does not contend that Carmack would be unwilling to testify absent immunity and there is nothing to suggest that Carmack could not be issued a subpoena to testify at trial. See United States v. Throckmorton, 2006 WL 544469 (W.D.Pa., March 3, 2006)(J. McVerry).

More significantly, the court is not convinced that the proferred testimony would be "clearly exculpatory." Although "clearly exculpatory" was not defined in Smith, this court has determined that the definition should resemble the test for prejudice used in ineffective assistance of counsel claims, *i.e.*, the defendant must show that there is a reasonable probability that, but for the unavailability of the witness's testimony, the result of the proceeding would have been different. Sampson, 661 F.Supp. at 519.

Moreover, judicial immunity is properly denied where the exculpatory nature of the proferred testimony is "at best speculative." United States v. Ammar, 714 F.2d 238, 251 n. 8 (3d Cir. 1983). As a result, even arguably exculpatory testimony should not be immunized unless the testimony could have some

4

conceivable effect on the outcome of the trial. Sampson, 661 F.Supp. at 519.

Here, the proferred testimony of Carmack is not clearly exculpatory. First, there is no indication in defendant's motion that Carmack will testify that the firearm she was holding for her "friend" was the same firearm charged in the indictment. Moreover, the proferred testimony only could be deemed exculpatory to defendant if it was accepted by the trier of fact. Accordingly, Carmack's credibility is at issue and any exculpatory value of the testimony is merely speculative and not clear. See United States v. Thomas, 357 F.3d 365 (3d Cir. 2004).

For the foregoing reasons, the court finds that the proferred testimony does not fall within the limited holding in Smith and witness immunity therefore is not warranted in this case.

An appropriate order will follow.

### ORDER OF COURT

AND NOW, this 6th day of June, 2007, upon due consideration of defendant's motion for defense witness immunity (Document No. 54), IT IS ORDERED that defendant's motion be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

5

cc: Scott W. Brady
    Assistant U.S. Attorney

    Sally A. Frick, Esq.
    Frick Building
    Suite 1601
    Pittsburgh, PA 15219

AO 72
(Rev 8/82)