IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 06-77 |
| | ) |
| TYRONE D. PRATT | ) |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion for return of property pursuant to Fed.R.Crim.P. 41(g) filed by Tyrone D. Pratt ("petitioner") and the government's response thereto. For the reasons set forth below, the motion will be denied without prejudice.

On February 22, 2006, a grand jury returned a one-count indictment against petitioner charging him with possession of a firearm by a convicted felon. On June 13, 2007, following a trial, a jury returned a verdict of guilty. Petitioner subsequently was sentenced to a term of imprisonment of 200 months. On May 11, 2009, petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit.

Petitioner has filed a motion pursuant to Fed.R.Cr.P. 41(g) seeking the return of $1,400.00 in cash. In his motion, petitioner acknowledges that the currency was used in evidence at his trial, but contends that it should now be returned in light of the affirmance of his conviction and sentence.

Fed.R.Crim.P. 41(g) provides in pertinent part:

> A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

It is well settled that "[p]roperty seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have been concluded, unless it is contraband or subject to forfeiture.'" United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004). After the termination of criminal proceedings, the government bears a heavy burden of demonstrating a legitimate reason to retain property that had been seized for investigative or trial purposes. United States v. Chambers, 192 F.2d 374 (3d Cir. 1999).

Here, however, as the government points out, the proceedings against petitioner have not been concluded. After filing his motion for return of property, petitioner subsequently filed a Motion to Vacate Sentence under 28 U.S.C. §2255, which currently remains pending in this court. As conceded by petitioner, the currency at issue was introduced as evidence at the trial. Accordingly, until petitioner's §2255 motion is decided, the property could still have evidentiary value. Petitioner's motion for return of the cash therefore is

premature and his motion will be denied without prejudice pending final resolution of his §2255 petition.

An appropriate order follows.

O R D E R

AND NOW, this 4th day of April, 2011, for the reasons set forth above, IT IS ORDERED that petitioner's motion for return of property (Document No. 103) be, and the same hereby is, **denied without prejudice**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Stephen R. Kaufman
Assistant U.S. Attorney

Tyrone D. Pratt