IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
        v.                      )  Criminal No. 06-77
                                )
TYRONE D. PRATT                 )


                    O P I N I O N

DIAMOND, D.J.

        Presently before the court is a motion to vacate, set aside
or correct sentence pursuant to 28 U.S.C. §2255 filed by Tyrone D.
Pratt ("petitioner").[1]  For the following reasons, petitioner's
§2255 motion, as amended to incorporate the claims set forth in
his reply brief, will be denied.

        On February 22, 2006, a grand jury returned a one-count
indictment against petitioner charging him with possession of a
firearm by a convicted felon in violation of 18 U.S.C. §§922(g)(1)
and 924(e).  On June 13, 2007, following a trial, a jury returned
a verdict of guilty.  A presentence report was ordered and a
sentencing date was set.

        After receipt of the presentence report, the court issued a
memorandum order and tentative findings and rulings in which
petitioner was found to be an armed career criminal under the
Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), and U.S.S.G

---

[1]  Petitioner also has filed several other miscellaneous motions.  His
motion to proceed *in forma pauperis* (Document No. 95) will be denied as moot.
*In forma pauperis* status permits a litigant to have access to the courts
without the pre-payment of filing fees.  28 U.S.C. §1915(a)(1).  There is no
filing fee for a §2255 petition.  Petitioner's motion requesting a magistrate's
report and recommendation (Document No. 112) and motion to enter default
(Document No. 113) also will be denied.

§4B1.4(a), because he had two prior convictions for a serious drug offense and one prior conviction for a violent felony, all committed on occasions different from one another. This finding increased petitioner's total offense level from 26 to 33 which, with a criminal history category of VI, resulted in an advisory guideline range of 235-293 months. At sentencing, the court granted petitioner a downward variance from that advisory guideline range and sentenced petitioner to a term of imprisonment of 200 months. On May 11, 2009, petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit.

Petitioner timely filed the instant §2255 motion asserting three grounds for relief: (1) trial counsel was ineffective in failing to challenge the court's finding that petitioner has two previous convictions for a "serious drug offense" under the ACCA; (2) trial counsel was ineffective in failing to move for a mistrial due to the alleged improper "admission of an unredacted indictment;" and, (3) trial counsel was ineffective in failing to object to the court's alleged failure, in determining petitioner's armed career criminal status, to account for an amendment to the sentencing guidelines relating to the manner in which prior convictions are counted.

After the government filed a response, petitioner filed a reply brief asserting three additional grounds for relief: (1) appellate counsel was ineffective in failing to raise the issue of whether petitioner's two previous felony drug convictions qualify

as "serious drug offenses" under the ACCA; (2) his 2004 conviction for intimidation of witnesses and terroristic threats, which this court found to be a previous conviction for a "violent felony" within the meaning of the ACCA, no longer qualifies as a predicate offense under the ACCA in light of Begay v. United States, 553 U.S. 137 (2008); and, (3) the ACCA is unconstitutional. Petitioner filed a corresponding motion for leave to amend his §2255 petition to incorporate these new claims. The government then filed a response opposing the motion to amend as untimely under 28 U.S.C. §2255(f)(1).

As an initial matter, the court must address petitioner's motion to amend his §2255 motion to incorporate the claims raised in his reply brief, which was filed after the expiration of the one-year statute of limitations period set forth in §2255(f)(1). In United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000), the Third Circuit Court of Appeals held:

> "[Fed. R. Civ. P.] 15(c)(2) applies to §2255 petitions insofar as a District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief."

The government contends that petitioner's motion to amend should be denied under this standard because, rather than "amplifying or clarifying" the claims set forth in the original timely-filed petition, petitioner seeks to add entirely new claims which do not relate back to those previously raised claims.

However, in <u>United States v. Hodge</u>, 554 F.3d 372, 378 (3d. Cir. 2009), the Third Circuit Court of Appeals clarified that "new claims can relate back if they arise from the same conduct, transaction, or occurrence described in a timely filed §2255 motion." <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005) (holding that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.")

Here, the court believes that relation back is in order as the new claims which petitioner advances in his reply and those set forth in his timely-filed motion sufficiently are "tied to a common core of operative facts," inasmuch as all of the new claims, like those set forth in the original motion, primarily involve challenges relating to the court's finding that petitioner is an armed career criminal. As the appellate court noted in <u>Thomas</u>, "[t]he purpose of Rule 15 'is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" 221 F.3d at 435 (citation omitted). Accordingly, the court will exercise its discretion and grant petitioner's motion to amend his §2255 motion to incorporate the new claims raised in his reply brief.

However, upon due consideration of petitioner's motion and reply, the government's response and the record as a whole, the court finds that petitioner is not entitled to relief under §2255 on any of the claims that he has asserted, either those set forth

in his original motion or those advanced in his reply.[2]

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

---

[2] Petitioner has filed a motion for evidentiary hearing (Document No. 115). Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Rule 8 provides:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Where the record affirmatively indicates that a movant's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, the court finds, for the reasons set forth in this opinion, that the record, along with the court's personal knowledge, affirmatively establishes as a matter of law that petitioner's claims for relief are meritless and, therefore, petitioner's motion for an evidentiary hearing will be denied.

Petitioner's original §2255 motion raises three allegations of ineffective assistance of counsel against his defense attorney, Sally A. Frick, Esq., who represented him through trial and sentencing. His reply adds a claim of ineffective assistance of counsel against his appellate attorney, Karen Sirianni Gerlach.

In order to prevail on a claim that counsel rendered constitutionally ineffective assistance, petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and, (2) that the deficient performance actually prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

The first prong requires the petitioner to demonstrate that counsel's performance was deficient. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. <u>Id</u>. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney unless they are unreasonable. <u>Id</u>. at 690. The petitioner has the burden of overcoming the strong presumption that counsel was effective. <u>Id</u>. at 689.

If deficient performance is established, the second prong of the <u>Strickland</u> analysis requires a showing that counsel's deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

AO 72
(Rev. 8/82)

Strickland, 466 U.S. at 687. To satisfy this test, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694.

Petitioner contends that Attorney Frick was ineffective for the following three reasons: (1) she failed to object to the use of two previous drug convictions as predicate offenses under the ACCA; (2) she failed to move for a mistrial due to the "admission of an unredacted indictment"; and, (3) she failed to object to the court's alleged failure to apply an amendment to the guidelines manual which became effective prior to petitioner's sentencing.

Petitioner's first claim alleges that Attorney Frick was ineffective for failing to challenge the use of two previous felony drug convictions as predicate offenses under the ACCA. Because both of petitioner's previous drug convictions indisputably qualify as predicate offenses, petitioner cannot show deficient performance from his trial counsel's failure to object to their use in establishing petitioner's armed career criminal status.

U.S.S.G. §4B1.4(a) provides that a "defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. §924(e) is an armed career criminal." 18 U.S.C. §924(e) authorizes an enhanced sentence for a defendant who violates 18 U.S.C. §922(g) and who "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another ...."

Pursuant to 18 U.S.C. §924(e)(2)(A)(ii), a "serious drug offense" includes "an offense under State law involving manufacturing, distributing, or possessing with intent to manufacture, or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law." Here, both of petitioner's previous drug convictions fall squarely within this definition of "serious drug offense" under the ACCA.

On October 9, 2003, petitioner pled guilty at Criminal Number 2000207701 in the Allegheny County Court of Common Pleas to delivery of a controlled substance and possession with intent to deliver a controlled substance. (PSIR ¶33). Delivery of a controlled substance and possession with intent to deliver a controlled substance are prohibited under 35 Pa.C.S.A. §780-113(a)(30). Pursuant to 35 Pa.C.S.A. §780-113(f)(1), a person who violates §780-113(a)(30) with respect to a Schedule I or II controlled substance "which is a narcotic drug" is guilty of a felony punishable by a term of imprisonment of not more than 15 years.

Because it is unclear merely from the face of the statute whether petitioner's conviction is a qualifying offense, since non-narcotic Schedule I or II controlled substances as well as Schedule III, IV and V controlled substances are subject to maximum terms of imprisonment of less than 10 years, see 35 Pa.C.S.A. §780-113(f)(2)-(4), the court is permitted under the modified categorical approach to look to the charging document to

ascertain whether petitioner's conviction is a qualifying offense under the ACCA.[3]

The information at Criminal No. 2000207701 charges petitioner with the felony offenses of delivery of heroin at Count One and possession with intent to distribute heroin at Count Two, both in violation of 35 Pa.C.S.A. §780-113(a)(30). Under the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, heroin is a narcotic, Schedule I controlled substance. 35 Pa.C.S.A. §780-104(1)(ii) and §780-102. Because petitioner was charged with and pled guilty to delivery of and possession with intent to deliver a narcotic schedule I controlled substance, he was subject to a maximum term of imprisonment of not more than 15 years, and his conviction qualifies as a "serious drug offense" within the meaning of 18 U.S.C. §924(e)(2)(A)(ii).

Likewise, petitioner's conviction on March 4, 2004, at Criminal Number 200307009 in the Allegheny County Court of Common Pleas pursuant to his guilty plea to, *inter alia*, possession with intent to deliver (PSIR ¶37), qualifies as a "serious drug offense" under the ACCA. Again, looking to the information under

---

[3] The ACCA generally requires that the sentencing court look only to the fact of conviction and not to the facts underlying the conviction. Taylor v. United States, 495 U.S. 575, 600 (1990). "Under the categorical approach, we must look only to the statutory definitions of the prior offenses, and may not consider other evidence concerning the defendant's prior crimes, including, the particular facts underlying a conviction." Garcia v. Att'y Gen., 462 F.3d 287, 291 (3d Cir.2006) (internal citations and quotation marks omitted). However, in recognition of the need to look beyond the mere fact of conviction in some cases, the Supreme Court developed the modified categorical approach to allow sentencing courts to look at the indictment or information and the jury instructions in cases where a statute's language is ambiguous or disjunctive and, as a result, violation of the statute may and may not constitute an ACCA predicate offense. See Shepard v. United States, 544 U.S. 13, 20 (2005).

AO 72
(Rev. 8/82)

the modified categorical approach, petitioner explicitly was charged at Count One of the Information with "possess[ion] with intent to deliver a controlled substance, namely, Heroin, a Schedule I controlled substance, in violation of [35 Pa.C.S.A. §780-113(a)(30)]." Because petitioner was subject to a maximum term of imprisonment of not more than 15 years for that offense, it is a serious drug offense under 18 U.S.C. §924(e)(2)(A)(ii).

While it is true that "'[w]here defense counsel fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance,'" United States v. Otero, 502 F.3d 331, 336 (3d Cir. 2007)(citation omitted; emphasis added), in this case petitioner cannot show ineffective assistance based upon his trial counsel's failure to contest the use of petitioner's two previous felony drug convictions in establishing his armed career criminal status because both convictions unquestionably qualify as predicate offenses under the ACCA.

Nor was Attorney Gerlach ineffective for failing to raise this argument on direct appeal. It is well-settled that an appellate lawyer is not required to raise every non-frivolous issue even if requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983) ("Neither Anders nor any other decision of this Court suggests ... [a] defendant has a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.").

Here, appellate counsel obviously made a tactical decision to pursue on appeal the arguments which, in her professional judgment, she deemed to have the greatest chance for success, and this court will not second-guess that decision. In any event, petitioner cannot show prejudice from any failure of Attorney Gerlach to raise this issue because, as just explained, the use of both previous felony drug convictions as predicate offenses under the ACCA was proper. See United States v. Lora-Pena, 375 Fed. Appx. 242, 246 (3d Cir. 2010)(to establish prejudice from appellate counsel's failure to challenge sentencing enhancement, a defendant must show likelihood that the sentencing court's application of the enhancement would have been reversed on appeal).

Petitioner next alleges that his trial counsel, Attorney Frick, was ineffective for failing to move for a mistrial after the jury was "informed" of the nature of his prior felony convictions via the improper "admission" of an unredacted indictment. This claim is wholly without merit.

Contrary to petitioner's allegation, the indictment in this case was not admitted into evidence and was not provided to the jury in any form, either unredacted or redacted. Instead, the court merely summarized the indictment to the jury without specifying the nature or number of petitioner's prior

convictions.[4]

Nor was the jury in any other way informed of the specific nature of petitioner's prior convictions. Rather, numerous steps were taken by the court and parties to prevent the jury from becoming aware of both the nature and number of those convictions. First, the parties stipulated that petitioner had been convicted of a crime, that the crime was punishable by imprisonment for a term exceeding one year and that the conviction had occurred prior to the time that petitioner was alleged to have possessed the weapon charged in the indictment. No other evidence, apart from the stipulation, was introduced as to the first element of the charged offense.

Moreover, the court specifically instructed the jury that the undisputed prior conviction was to be considered only for the fact that it existed and for no other purpose and, significantly, the court further emphasized that the jury was not to speculate as to what the conviction was for.[5]

---

[4] The court's charge read as follows:

COUNT ONE OF THE INDICTMENT CHARGES AS FOLLOWS:

ON OR ABOUT JULY 30, 2005, IN THE WESTERN DISTRICT OF PENNSYLVANIA, THE DEFENDANT, TYRONE D. PRATT, a/k/a TYRONE DANA BOOKER, AFTER HAVING BEEN CONVICTED OF . . . [A CRIME] PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR, DID KNOWINGLY POSSESS IN AND AFFECTING INTERSTATE COMMERCE, A PARA-ORDNANCE PISTOL, MODEL P10-45, .45 ACP CALIBER.

IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 922(g)(1) AND 924(e).

[5] The court's charge read as follows:

THE FIRST ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT BEFORE THE DATE DEFENDANT IS

Accordingly, because the jury was never provided with the indictment, nor in any other way was informed of the nature or number of petitioner's prior convictions, his trial counsel clearly was not ineffective for failing to move for a mistrial on that ground.

Petitioner's third claim of ineffective assistance of trial counsel also is predicated on an inaccurate assertion. Although petitioner alleges that Attorney Frick failed to object to the court's "decision not to apply an amendment to the sentencing guidelines," the fact of the matter is that Attorney Frick <u>did</u> argue for the application of the amendment at issue, and the court actually did apply that amendment, but not in the manner that petitioner incorrectly believes it should have been applied.

---

CHARGED WITH POSSESSING THE FIREARM, i.e., JULY 30, 2005, DEFENDANT PREVIOUSLY HAD BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR.

INASMUCH AS THE PARTIES HAVE STIPULATED THAT DEFENDANT WAS CONVICTED OF A CRIME AND THAT THE CRIME IS PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR AND ALSO THAT THE CONVICTION OCCURRED PRIOR TO THE TIME THAT DEFENDANT IS ALLEGED TO HAVE POSSESSED THE WEAPON CHARGED IN THE INDICTMENT, THIS FIRST ELEMENT HAS BEEN PROVEN AND YOU SHOULD PROCEED TO CONSIDER THE SECOND AND THIRD ELEMENTS OF THE CHARGED CRIME.

I INSTRUCT YOU, IN THIS CONNECTION, THAT THE PRIOR CONVICTION THAT IS THE FIRST ELEMENT OF THE CRIME CHARGED HERE, WHICH IS NOT DISPUTED, IS ONLY TO BE CONSIDERED BY YOU FOR THE FACT THAT THE PRIOR CONVICTION EXISTS, AND FOR NOTHING ELSE. YOU ARE NOT TO CONSIDER IT FOR ANY OTHER PURPOSE. YOU ARE NOT TO SPECULATE, FOR EXAMPLE, AS TO WHAT THE CONVICTION WAS FOR. NOR MAY YOU CONSIDER THE PRIOR CONVICTION IN DECIDING WHETHER IT IS MORE LIKELY THAN NOT THAT DEFENDANT WAS IN KNOWING POSSESSION OF THE GUN THAT IS CHARGED IN THE INDICTMENT IN THIS CASE, WHICH IS A DISPUTED ELEMENT OF THE CHARGED OFFENSE.

Amendment 709 to the United States Sentencing Guidelines, which became effective on November 1, 2007, amended the manner in which prior convictions are counted in computing a defendant's criminal history score under U.S.S.G §§4A1.1 and 4A1.2. Specifically, the amendment simplified the rules for counting multiple prior sentences when there is no intervening arrest.

Contrary to petitioner's assertion in his pending motion, Attorney Frick expressly argued in petitioner's position with respect to sentencing factors (Document No. 76) that, under Amendment 709, petitioner's two prior convictions for intimidation of witnesses/terroristic threats (¶36 of the PSIR) and for possession with intent to deliver (¶37 of the PSIR) should be counted as a single sentence because there was no intervening arrest and, therefore, both likewise should not be used as separate previous convictions under the ACCA.

At the sentencing hearing held on November 7, 2007, the court considered and rejected Attorney Frick's argument that Amendment 709 in any way affected petitioner's status as an armed career criminal under 18 U.S.C. §924(e)(1) and U.S.S.G. §4B1.4. The court found that the amendment applies only to the manner in which prior sentences are counted in calculating a defendant's criminal history score under §§4A1.1 and 4A1.2, and noted that the amendment in fact was applied in that manner.[6]

---

[6]    Prior to the amendment, petitioner would have received 3 criminal history points for both the intimidation of witnesses/terroristic threats conviction and the possession with intent to deliver conviction, which would have resulted in a criminal history score of 20. However, the probation office and the court in fact did apply Amendment 709 and assigned criminal history

However, the court also found that the amendment had no effect on petitioner's status as an armed career criminal under §924(e)(1) because the statute requires only that the predicate offenses be "committed on occasions different from one another." Because petitioner's two prior convictions arose from separate occurrences, they both properly were counted as predicate offenses under the ACCA, notwithstanding Amendment 709.

Accordingly, it is clear from the record that Attorney Frick in fact did raise the argument that petitioner now contends she did not make and that the argument was rejected on its merits by this court. Merely because counsel was unsuccessful in her challenge does not render her performance deficient. Petitioner likewise can show no prejudice arising from this claim as this court correctly found the argument to be without merit. See United States v. Zemba, 403 Fed. Appx. 649, 651 (3d Cir. 2010) ("[t]he applicable definitions for [armed career criminal under U.S.S.G. §4B1.4] are derived from statute, and are not affected by Amendment 709.").

As petitioner has been unable to establish either deficient performance or prejudice on the part of either his trial or appellate counsel, he is not entitled to relief on any of his ineffective assistance of counsel grounds, and those claims as set forth in his §2255 motion and reply will be denied.

---

points only to the possession with intent to deliver conviction, resulting in a criminal history score of 17.

AO 72
(Rev. 8/82)

Petitioner next argues that his 2004 conviction for intimidation of witnesses and terroristic threats, which this court found to be a previous conviction for a "violent felony" within the meaning of the ACCA, no longer qualifies as a predicate offense under the ACCA in light of Begay v. United States, 553 U.S. 137 (2008), and, therefore, cannot be used as one of the three predicate offenses necessary to establish him as an armed career criminal. Assuming, *arguendo*, that Begay, which was decided after petitioner's sentencing, applies retroactively[7], the court is satisfied that petitioner's March 4, 2004, conviction remains a previous conviction for a "violent felony" within the meaning of the ACCA.

On March 4, 2004, petitioner pled guilty at Criminal Number 200309605 in the Allegheny County Court of Common Pleas to intimidation of witnesses (Count One) and terroristic threats (Count Two). (PSIR ¶36). In order to constitute a predicate offense under the ACCA, at least one of the two crimes to which petitioner pled guilty on that date must meet the definition of "violent felony" as set forth in §924(e)(2)(B). Here, even under a post-Begay analysis, the court believes that both of the crimes to which petitioner pled guilty on March 4, 2004, meet that definition.

---

[7]     There is a split of authority as to whether Begay applies retroactively to cases on collateral review. At least two circuit courts have held that Begay is retroactive. Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010); Welch v. United States, 604 F.3d 408, 415 (7th Cir. 2010). District courts are split on the issue. See Welch, 604 F.3d at 413, n. 7 (listing cases). The question remains open in this circuit.

AO 72
(Rev. 8/82)

As already noted, U.S.S.G. §4B1.4(a) provides that a "defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. §924(e) is an armed career criminal." 18 U.S.C. §924(e) authorizes an enhanced sentence for a defendant who violates 18 U.S.C. §922(g) and who "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another ...."

A "violent felony" is defined in the ACCA as any crime punishable by imprisonment for a term exceeding one year that:

"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. §924(e)(2)(B).

In Begay, the Supreme Court addressed the meaning of the residual clause - "or otherwise involves conduct that presents a serious potential risk of physical injury to another" - as set forth in §924(e)(2)(B)(ii). The Court explained that conduct falls within the residual clause of the violent felony definition if it poses a degree of risk that is similar to the degree of risk posed by the enumerated offenses (burglary, arson, extortion or involves use of explosives), and is similar in kind to those offenses. Begay, 553 U.S. at 143-45.

Accordingly, post-Begay, to qualify as a violent felony, the crime in question "must (1) present a serious potential risk of physical injury *and* (2) be 'roughly similar, in kind as well as

degree of risk posed, to the [enumerated offenses] themselves.'" United States v. Johnson, 587 F.3d 203, 208 (3d Cir. 2009) (citations omitted). An offense is similar in kind to the enumerated offenses if it "'typically involve[s] purposeful, violent, and aggressive conduct.'" Id. (quoting Begay, 128 U.S. at 144-45).

In determining whether petitioner's conviction for intimidation of witnesses qualifies under the residual clause of the ACCA, the court first looks to the statutory text. Pursuant to 18 Pa.C.S.A. §4952(a), a person commits the crime of intimidation of witnesses or victims "if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent, or interfere with the administration of justice, he intimidates or attempts to intimidate any witness or victim to [engage in certain enumerated conduct]." Pursuant to 18 Pa.C.S.A. §4952(b)(1)(i), the offense is a felony if, inter alia, "[t]he actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person."

Initially, it is clear from the statutory language that the offense of intimidation of witnesses under the Pennsylvania statute requires intentional conduct, not reckless or negligent conduct. The next inquiry then, is whether intentionally intimidating a witness presents a serious potential risk of physical injury to another.

Here, the statute encompasses conduct that may present such a risk - where the actor employs force or violence, or threatens to employ force or violence - as well as conduct that may not present such a risk. Because the statute criminalizes both sorts of conduct, the court turns to the modified categorical approach and may look to the materials outlined in Shepard to determine not the factual circumstances of petitioner's conduct, but the specific offense to which defendant was convicted. See, e.g., Johnson, 587 F.3d at 209.

Here, the criminal information charging petitioner with intimidation of witnesses explicitly charges that petitioner "threatened to harm the victim and his family." This conduct, the court believes, creates a serious potential risk of physical injury to another to satisfy the first step of the Begay analysis.

The court also finds that the second requirement--that the crime of intimidation of witnesses presents a degree of risk similar to that presented by the enumerated offenses and is similar in kind to those offenses--is satisfied. As discussed above, similarity is measured by considering whether the crime in question involves purposeful, violent and aggressive conduct. Making a threat to harm a victim and his family involves such purposeful and aggressive behavior.

In addition, intimidation of witnesses is similar in kind to the enumerated crime of extortion. As the Supreme Court explained in Begay, extortion is "'purposely' obtaining property of another through threat of, e.g., inflicting bodily injury.'" Begay, 553

AO 72
(Rev. 8/82)

U.S. at 145. Both the intimidation of a witness through the threat to harm the victim or his family and extortion are premised upon the purposeful, violent and aggressive act of threatening harm to another person. Accordingly, the court finds that, post-Begay, petitioner's previous conviction for intimidation of witnesses still qualifies as a conviction for a "violent felony" within the meaning of the ACCA.

Employing a similar analysis, the court also concludes that petitioner's conviction for terroristic threats likewise still qualifies as a conviction for a "violent felony" under the ACCA. Pursuant to 18 Pa.C.S.A. §2706(a), a person commits the crime of terroristic threats if he communicates, either directly or indirectly, a threat to: (1) commit any crime of violence with intent to terrorize another; (2) cause evacuation of a building, place of assembly or facility of public transportation; or (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience. Thus, subsection (a)(1) of the statute criminalizes intentional conduct, whereas subsection (a)(3) criminalizes reckless conduct. See also Commonwealth v. Sinnott, 976 A.2d 1184, 1188 (Pa. Super. 2009) (under Pennsylvania law, a conviction for terroristic threats requires that (1) the defendant made a threat to commit a crime of violence, and (2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror).

Because the statutory definition encompasses conduct that is broader than the definition of "violent felony", the court may look to the charging information under the modified categorical approach to see with which variation petitioner was charged and convicted. The criminal information shows that petitioner was in fact charged with "communicat[ing] a threat ... to commit a crime of violence with the intent to terrorize [another individual] ...." and the criminal complaint indicates that petitioner specifically threatened to kill the victim's parents.

The court is satisfied that petitioner's conviction for terroristic threats created a serious potential risk of serious physical injury to another and involved purposeful, violent and aggressive conduct of a kind and degree similar to the enumerated offenses set forth in §924(e)(2)(B)(ii). See e.g. United States v. Mahone, ___ F.3d ___, 2011 WL 5153699 (3d Cir. 2011)(prior conviction for making terroristic threats was crime of violence where offense involved threatened use of physical force). Accordingly, even under a post-Begay analysis, petitioner's conviction for terroristic threats qualifies as a conviction for a "violent felony" under the ACCA.

Petitioner's final ground for relief is that the ACCA is unconstitutional. Petitioner does not state with any degree of clarity precisely upon what ground he challenges the constitutionality of the ACCA, and, in fact, states that he "recognizes that this issue is presently foreclosed." In any event, petitioner did not challenge the constitutionality of the

ACCA on any ground on direct appeal, and he now is procedurally barred from doing so here.

It is well settled that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice', or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998). Prejudice must be substantial, such that the integrity of the entire trial was infected. See United States v. Frady, 456 U.S. 152, 170 (1982). Here, petitioner has not even alleged, let alone established, either cause or prejudice for his failure to raise a challenge to the constitutionality of the ACCA on direct appeal.[8]

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause).

---

[8] Nor has petitioner made any showing of actual innocence. "'[A]ctual innocence'" means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

AO 72
(Rev. 8/82)

Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of a denial of the constitutional right." 28 U.S.C. §2253(c)(2). As this court's foregoing discussion makes clear, petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255, as amended, fails to raise any meritorious claims and must be denied as a matter of law. Additionally, petitioner's incorporated request for a certificate of appealability also will be denied.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: December 22, 2011

cc: Stephen R. Kaufman
    Assistant United States Attorney

    Tyrone D. Pratt

AO 72
(Rev. 8/82)