IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-77 |
| | ) | |
| TYRONE D. PRATT | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is a second *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Document No. 122) filed by Tyrone D. Pratt ("defendant") in the above-captioned case. Because defendant has not received certification from the United States Court of Appeals for the Third Circuit to file a second §2255 motion, the motion will be dismissed without prejudice.

On February 22, 2006, a grand jury returned a one-count indictment against defendant charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g)(1) and 924(e). On June 13, 2007, following a trial, a jury returned a verdict of guilty. Defendant later was sentenced by this court to a term of imprisonment of 200 months.[1] On April 16, 2009, the United States Court of Appeals for the Third Circuit affirmed defendant's conviction and sentence.

---

[1] The court found defendant to be an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), and U.S.S.G §4B1.4(a), because he had two prior convictions for a serious drug offense and one prior conviction for a violent felony, all committed on occasions different from one another. This finding increased his total offense level from 26 to 33 which, with a criminal history category of VI, resulted in an advisory guideline range of 235-293 months. At sentencing, the court granted defendant a downward variance from that advisory guideline range and sentenced him to a term of imprisonment of 200 months.

Defendant subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255, which this court denied on December 22, 2011. Defendant filed a notice of appeal. On August 28, 2012, the United States Court of Appeals for the Third Circuit denied defendant's application for a certificate of appealability.

On June 20, 2014, defendant filed the pending §2255 motion in which he again challenges his status as an armed career criminal. Specifically, defendant argues that he no longer qualifies as an armed career criminal in light of the decision of the United States Supreme Court in Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151 (2013).[2] Defendant argues that the Alleyne decision created a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. §2255(h)(2).[3]

However, defendant already has sought relief under §2255 and that motion was adjudicated on the merits. Accordingly, before he may file a second or successive petition, he must have it certified, as provided in 28 U.S.C. §2244, by a panel of the appropriate court of appeals. 28 U.S.C. §2255(h). Pursuant to §2244(a)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." See also, Rule 9 of the Rules

---

[2] In Alleyne, the Supreme Court overruled its prior precedent, Harris v. United States, 536 U.S. 545 (2002), and clarified that, under the Sixth Amendment, "'any facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime," not mere "sentencing factors," and therefore must be found beyond a reasonable doubt.

[3] The court notes that the United States Court of Appeals for the Third Circuit recently held "that the rule of criminal procedure announced by the Supreme Court in Alleyne does not apply retroactively to cases on collateral review." United States v. Reyes, ___ F.3d ___, 2014 WL 2747216 (3d Cir., June 18, 2014); see also United States v. Winkelman, ___ F.3d ___, 2014 WL 1228194 (3d Cir., March 26, 2014)(Alleyne has not been made retroactively applicable by the Supreme Court and cannot be basis for filing a second or successive §2255 motion)

2

Governing §2255 Proceedings ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion").

Because defendant has not received certification from the United States Court of Appeals for the Third Circuit to file this second §2255 motion, this court has no authority to consider it. See <u>Holland v. Warden Canaan USP</u>, ___ Fed.Appx ___, 2014 WL 2724654 (3d Cir., June 17, 2014)(district court lacks jurisdiction to consider unauthorized §2255 motion). Accordingly, defendant's motion will be dismissed without prejudice to him seeking authorization from the Third Circuit Court of Appeals to file a second or successive petition.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 30th day of June, 2014, upon due consideration of defendant's *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Document No. 122), for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion be, and the same hereby is, **dismissed without prejudice**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Stephen R. Kaufman
    Assistant U.S. Attorney

    Tyrone Pratt

AO 72
(Rev. 8/82)